UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

BRUCE BOOKBINDER               :
    Plaintiff                  :
                               :
v.                             :   C.A. No.
                               :
NAVISTAR INTERNATIONAL CORPORATION : **CA11- 1945**
    Defendant                  :

## COMPLAINT

1. Plaintiff Bruce Bookbinder ("Bookbinder") is a citizen of the State of Rhode Island and resident of the Town of West Greenwich.

2. Upon information and belief, defendant Navistar International Corporation ("International") is a Delaware corporation with its principal place of business in Warrenville, Illinois, and whose activities render it subject to the jurisdiction of this Court. At all times relevant hereto, International was engaged in the manufacture, sale and distribution of International and their associated equipment, hardware, and accessories.

3. The amount in controversy is sufficient to establish the jurisdiction of this Court.

4. International is a manufacturer of Commercial Extreme Truck ("CXT") an extremely large pickup truck. CXT is marketed as the largest pickup truck available for sale.

5. Bookbinder ordered and took delivery of a 2006 CXT and paid in excess of $100,000 for the truck.

6. This cause of action arises out of International's breach of contract, negligence, breaches of express and implied warranty, violation of statute, and breach of obligation of good faith, as hereinafter set forth.

7. The truck has been plagued by defects that has significantly reduced its marketable value. The defects and deviations include:

    a.    Numerous electrical defects.

    b.    Engine and fuel defects that interfere with reliable operation.

    c.    The tailgate has repeatedly fallen off the truck.

    d.    Defects related to the braking system.

8. Bookbinder has notified International of the defects and damages to the truck, and has afforded International an opportunity to cure the same.

9. International has failed to cure the defects and damages to the truck.

## COUNT I – BREACH OF CONTRACT

10. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

11. The above defects and damages have been caused by either manufacturing or design defects attributable to International or by installation and/or assembly defects attributable to International.

12. The defects and damages have materially impaired the value of the truck to Bookbinder and potential buyers.

## COUNT II – NEGLIGENCE

13. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

14. International was negligent in its manufacture, design, and assembly of the truck and its related components and accessories.

15. International was negligent in failing to ensure that the truck would attain the advertised speed.

16. International's negligence has proximately caused damages including but not limited to material impairment of the value of the trust to Bookbinder and potential buyers.

### COUNT III – BREACH OF EXPRESS WARRANTY

17. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

18. International is a merchant under the Uniform Commercial Code as adopted by the State of Rhode Island, as defined at R.I. Gen. Laws § 6A-2-104.

19. International, to induce said sale, made certain express warranties and representations to Bookbinder, as defined at R.I. Gen. Laws §6A-2-313. International made express warranties and representations orally and in writing (including but not limited to specification manuals and service contracts) and through International's advertising and conduct (including but not limited to promotional literature)

20. International's failure to honor its express warranties has proximately caused damages including but not limited to material impairment of the value of the trust to Bookbinder and potential buyers.

### COUNT IV – BREACH OF IMPLIED WARRANTIES

21. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

22. The aforementioned truck purchased by Bookbinder was subject to implied warranties of merchantability under R.I. Gen. Laws § 6A-2-314. Said implied warranties included but are not limited to the following:

    a. the construction and assembly of the truck and other activities would be performed with a level of workmanship that would pass without objection

in the trade under the contract description and would render it fit for ordinary purposes such trucks are used.

23. International's failure to honor its implied warranties has proximately caused damages including but not limited to material impairment of the value of the truck to Bookbinder and potential buyers.

## COUNT V – MAGNUSON-MOSS WARRANTY ACT

24. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

25. This court has jurisdiction to decide claims brought under 15 U.S.C. § 2301 *et seq*, by virtue of 15 U.S.C. § 2301(d)-(a).

26. Bookbinder is a consumer as defined at 15 U.S.C. § 2301(3).

27. International is a supplier and warrantor as defined at 15 U.S.C. § 2301(4)(5).

28. The truck is a consumer product as described at 15 U.S.C. § 2301(6).

29. International's express and implied warranties formed as part of the basis of the bargain regarding Bookbinder's purchase of the truck, as described at 15 U.S.C. § 2301(6).

30. 15 U.S.C. § 2301(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or an implied warranty.

31. Bookbinder has been damaged by International's failure to honor its express and implied warranties and its failure to remedy said failures, as set forth above.

## COUNT VI – BREACH OF OBLIGATION OF GOOD FAITH

32. Bookbinder incorporates by reference all facts and allegations set forth in this complaint.

33. International was subject by R.I. Gen. Laws § 6A-1-203 to an obligation of good in the performance of its duty to deliver to Bookbinder a truck that was free of defect and damage, and which conformed with all warranties.

34. International's failure to honor its obligation of good faith has proximately caused damages including but not limited to material impairment of the value of the truck to Bookbinder and potential buyers.

WHEREFORE, Plaintiff demands that he be awarded damages, costs, attorney's fees and interest.

### Jury Trial

Plaintiff demands a jury trial.

BRUCE BOOKBINDER
By his Attorneys,
PANNONE LOPES DEVEREAUX & WEST LLC

_____
William E. O'Gara (#4257)
317 Iron Horse Way, Suite 301
Providence, RI 02908
(401) 824-5100
(401) 824-5123 (fax)

May 10, 2011